## Craig v. Commonwealth

October 3, 1950.

Ervine Turner, Judge.

F. T. Allen and E. C. Roberts for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

MORRIS, COMMISSIONER—Reversing.

Appellant and one Patrick were indicted on a charge of maliciously shooting and wounding one Frank Jenkins with intent to kill. The trial resulted in a verdict of guilty, the jury fixing the penalty at two years' imprisonment.

On his appeal he insists that he is entitled to a new trial because the indictment was defective, or did not state a cause of action. Second, because the verdict was contrary to the law and not supported by sufficient evidence, and lastly because the court failed to instruct the jury to find appellant not guilty.

The first question may be disposed of by saying that the record fails to show that appellant demurred to the indictment. The other contentions may be disposed of by a brief summary of the evidence, which in narrative form, is incorporated in a bystander's bill.

Virgie Arnett testified that on the day of the shooting (about August 1, 1949) he saw appellant and Patrick together in Lee City. Patrick had a shotgun and shot and wounded him. Patrick, according to this witness, was tried and convicted for this offense. He said that while Patrick was shooting he heard some unknown person say "Pour it on him"; that Jenkins was shot at the same time, but he did not know who fired the shot.

Jenkins testified that he was present when Arnett was shot, and that at the same time he was shot and wounded, but he did not know who fired the shot, or who shot and wounded Arnett. He said that neither at the time of the shooting, nor at any time on the same day, did he see the defendant Craig. He says he heard some unknown person say at the time of the shooting, "Pour it on him." He said he and defendant were and had always been friends.

W. G. Holbrook testified that on the day of the shooting, or the day before, defendant had purchased some shotgun shells from him or his wife. Appellant testified that he did not shoot at or shoot Arnett; that he did not encourage anyone to shoot at him. He denied that he had bought shotgun shells from Holbrook or his wife. This was in substance all his testimony.

The assistant attorney general, who briefed the case for the Commonwealth, frankly suggests that the testimony was insufficient to warrant a verdict of guilty, and we agree.

The judgment is reversed and appellant will be given a new trial, and if thereupon the testimony is the same or of no more probative value the court will instruct the jury to return a verdict of not guilty.